IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ESMIRAGDO LAGAPA JR., | ) | CIVIL NO. 12-00074 RLP-NONE |
| | ) | |
| Plaintiff, | ) | ORDER REASSIGNING CASE AND |
| | ) | FINDINGS AND RECOMMENDATION |
| vs. | ) | THAT (1) PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED WITHOUT |
| | ) | PREPAYMENT OF FEES BE DENIED; |
| RAYMOND MABUS SECRETARY OF | ) | (2) PLAINTIFF'S TITLE VII CLAIM |
| THE NAVY, | ) | BE DISMISSED WITH PREJUDICE; |
| | ) | AND (3) PLAINTIFF'S REQUEST FOR |
| Defendant. | ) | APPOINTMENT OF COUNSEL BE |
| | ) | DENIED |
| | ) | |

ORDER REASSIGNING CASE AND FINDINGS AND RECOMMENDATION THAT (1)
PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE
GRANTED; (2) PLAINTIFF'S TITLE VII CLAIM BE DISMISSED WITH
PREJUDICE; AND (3) PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL
BE DENIED[1]

On February 6, 2012, *pro se* Plaintiff Esmiragdo Lagapa Jr. ("Plaintiff") filed an Employment Discrimination Complaint ("Complaint") herein. Plaintiff's Complaint alleges that Defendant Raymond Mabus Secretary of the Navy ("Defendant") discriminated against him by failing to promote him on the basis of his age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs ("IFP Application") and Request for Appointment of Counsel ("Counsel Request"), which were filed on the same day.  The Court finds these matters suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  Based on the following, and after careful consideration of Plaintiff's IFP Application, Counsel Request, and Complaint, and the supporting declarations attached thereto, the Court HEREBY ORDERS that the case be reassigned to a District Judge and FINDS AND RECOMMENDS that (1) Plaintiff's IFP Application be DENIED; (2) Plaintiff's Title VII claim be DISMISSED WITH PREJUDICE; and (3) Plaintiff's Counsel Request be DENIED.

## LEGAL STANDARD

Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP").  Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1) of the Prisoner Litigation Reform Act ("PLRA").  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)

(quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

Since Plaintiff is appearing *pro se*, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). Despite the liberal *pro se* pleading standard, however, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

ANALYSIS

**A. Plaintiff's IFP Application Should Be Denied and the Case Is Reassigned to a District Judge For That Purpose**

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold. The Department of Health and Human Services ("HHS") 2012 Poverty Guidelines indicate that the poverty threshold for a two-person family in Hawaii is $17,410.00.[2] 2012 HHS Poverty Guidelines, 77 Fed. Reg. 4034-35 (Jan. 26, 2012). Plaintiff has submitted a declaration stating that he receives $1,300.00 in take-home pay two times per month. Plaintiff further states that he has $800.00 in a checking account and owns a 2004 Nissan Xterra worth approximately $5,000.00. This results in an annual net income of $31,200.00 and assets of at least $5,800.00, which exceeds the poverty threshold in Hawaii. Therefore, the Court finds that Plaintiff has failed to demonstrate that he is unable to pay court costs at this time and does not qualify for IFP status under 28 U.S.C. § 1915(a)(1).

However, on February 6, 2012, this case was assigned to the undersigned Magistrate Judge for all purposes, including trial and final entry of judgment. See ECF No. 5. Under Tripati v. Rison, 847 F.2d 548, 549 (9th Cir. 1988), a Magistrate Judge has "no authority to issue a dispositive order denying *in forma pauperis* status absent compliance with 28 U.S.C. 636(c)," which requires the consent of the parties to the Magistrate Judge's presiding over the action. Here, Defendant's consent may not be

---

[2] Plaintiff has indicated that his daughter is dependent upon him for $400.00 of monthly financial support.

obtained because service of process of the Complaint will not be effectuated until IFP status is granted or the appropriate filing fee is paid.  Even if Plaintiff were to consent to the jurisdiction of the undersigned Magistrate Judge, Defendant's consent is necessary to exercise the Court's power to enter an order denying IFP status.  See Hajek v. Burlington N. R.R. Co., 186 F.3d 1105, 1107-08 (9th Cir. 1999) (holding that appellate jurisdiction cannot be created by plaintiff's consent where Magistrate Judge lacked authority to render final judgment on behalf of the district court).  Thus, while it is the conclusion of the undersigned Magistrate Judge that Plaintiff failed to demonstrate eligibility for IFP status, the IFP Application must ultimately be ruled upon by a District Judge.  Accordingly, this case is reassigned to a District Judge with the recommendation that Plaintiff's IFP Application be denied.

**B.   Plaintiff's Title VII Claim Should Be Dismissed With Prejudice**

Plaintiff's Complaint purports to bring a sole claim of age discrimination against Defendant for failing to promote him in violation of Title VII.  Title VII, however, prohibits discrimination in employment only with respect to an individual's race, color, sex, or national origin.  See 42 U.S.C. § 2000e-2(a)(1).  Title VII does not prohibit age discrimination.  Indeed, the Ninth Circuit has held that the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA"), is the

exclusive federal remedy for claims of age discrimination in employment. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1060-61 (9th Cir. 2009) (precluding age discrimination lawsuits under federal statutes other than the ADEA, such as those brought pursuant to 42 U.S.C. § 1983). For this reason, to the extent Plaintiff brings a Title VII claim, it should be dismissed with prejudice.[3]

Nevertheless, in light of the liberal standard applied to *pro se* pleadings, the Court construes Plaintiff's Complaint as asserting an age discrimination claim under the ADEA.[4] The ADEA makes it unlawful for an employer to discriminate "because of [an] individual's age." 29 U.S.C. § 623(a)(1). The prohibition is "limited to individuals who are at least 40 years of age."[5]

---

[3] The Court recognizes that *pro se* litigants are entitled to notice of a complaint's deficiencies and an opportunity to amend prior to dismissal of an action. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). However, leave to amend is not required where it is clear that no amendment could cure the defect. Id.; see also Lopez, 203 F.3d at 1130 ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). In this case, it is clear that there are no other facts Plaintiff could allege which would permit him to bring a Title VII claim against Defendant.

[4] In the fact section of his Complaint, Plaintiff does identify 29 U.S.C. § 633a(f).

[5] Although Plaintiff does not specifically allege that he is at least 40 years of age in his Complaint, he does state that he "went to war in Vietnam." Complaint ¶ 6. Even if the Court were to assume that Plaintiff was only 18 years old when he went to war, and Plaintiff was not deployed until the end of the Vietnam War in 1975, Plaintiff would still have to be at least 48

29 U.S.C. § 631(a). The ADEA has separate provisions protecting federal employees and applicants for federal employment. See 29 U.S.C. § 633a(a).

For the purpose of screening pursuant to 28 U.S.C. § 1915(e), the Court has considered whether it lacks subject matter jurisdiction over Plaintiff's ADEA claim because it is time barred. The Ninth Circuit has explained a federal employee's two options for bringing an ADEA lawsuit in district court as follows:

> First, he may file an administrative action directly with the [Equal Employment Opportunity Commission ("EEOC") within 45 days of from the alleged discriminatory conduct]. 29 C.F.R. § 1614.105. After exhausting the administrative remedies by waiting 180 days after filing an administrative action with the EEOC, or upon receiving a final agency determination, the employee may file a civil action in district court. Id. at § 1614.201(c). Second, a federal employee may bypass administrative proceedings and file directly in district court ("bypass provision"). 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a). To do so, the employee is required to file a notice of intent to file a civil action with the EEOC within 180 days from the alleged discriminatory conduct, and then wait 30 days before filing the civil action.

Forester v. Chertoff, 500 F.3d 920, 924 (9th Cir. 2007).

Here, Plaintiff alleges that he applied for a Painter Journeyman position in February 2005. See Complaint ¶ 4. On or

---

years old at the time the alleged discrimination occurred in 2005.

7

around March 4, 2005, the position was given to a younger man who had 16 fewer years of experience than Plaintiff.  See id.  Although Plaintiff had his first training regarding the EEOC training process on May 13, 2005, Plaintiff waited until March 1, 2011 to file an EEOC charge.  See id. at ¶¶ 4, 8.  Plaintiff did not receive a Notice-of-Right-to-Sue Letter from the EEOC.  See id. at ¶ 9.  On February 6, 2012, Plaintiff initiated the instant action.

Under either option for a federal employee to bring an ADEA lawsuit, Plaintiff waited too long before filing his Complaint.  In this case, Plaintiff took nearly six years from the time of the alleged discriminatory conduct to file an EEOC charge, far longer than the 45 days an EEOC administrative action or the 180 days the bypass provision allows.  As a result, Plaintiff's Complaint appears to be time barred.

However, in a Title VII case, the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 604 n.3 (9th Cir. 2000) ("because the anti-discrimination provisions of the ADEA and Title VII are identical, interpretation of one act applies with

equal force to the other"). Moreover, although the Ninth Circuit has not spoken on this specific issue, at least two other circuits have held that, given the non-jurisdictional nature of the 180-day period within which a federal employee must file notice of intent to sue, failure to file a notice with the EEOC at all may be subject to equitable relief. See Ray v. Nimmo, 704 F.2d 1480, 1483 (11th Cir. 1983); Castro v. United States, 775 F.2d 399, 403 n.4 (1st Cir. 1985), *abrogated by* Stevens v. Dep't of Treasury, 500 U.S. 1 (1991). Cf. Forester, 500 F.3d at 929 (holding that even though plaintiffs filed their complaint in district court without waiting 30 days from the date they provided the EEOC with notices of intent to sue, as required by 29 U.S.C. § 633a(d), the district court had jurisdiction to grant them equitable relief from their premature filing). Therefore, assuming Plaintiff pays the appropriate filing fee, the Court finds that Plaintiff's ADEA claim should be allowed to proceed.

**C. Plaintiff's Request for Appointment of Counsel Should Be Denied**

There is no constitutional right to the appointment of counsel in employment discrimination cases. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). Notwithstanding this, Plaintiff moves for appointment of counsel pursuant to Title VII, which authorizes such an appointment "[u]pon application by the complainant and in such circumstances as the court may deem just . . . ." 42 U.S.C. § 2000e-5(f)(1).

The ADEA, however, contains no such provision.  See 29 U.S.C. § 621, et seq.; Eigeman v. Peppermill Casinos, Inc., No. 3:11-219, 2011 WL 4037770, at *3 (D. Nev. Sept. 9, 2011).  Insofar as the Court has recommended dismissal of Plaintiff's Title VII claim with prejudice, leaving only Plaintiff's ADEA claim remaining, the Court does not have discretion to appoint Plaintiff an attorney in this case.  See id.

This Court does have discretion, however, to request that an attorney represent any person unable to afford counsel, pursuant to 28 U.S.C. § 1915(e)(1), upon a showing of exceptional circumstances.  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  Neither of these factors is dispositive and both must be viewed together before reaching a decision on a request for appointment of counsel under § 1915.  Id.

As to the first factor, Plaintiff has not demonstrated that there is a likelihood of success on the merits of his ADEA claim.  Indeed, given the lengthy amount of time that has passed between the alleged discriminatory conduct and the filing of the

Complaint, as well as Plaintiff's burden to prove equitable tolling, the Court finds that Plaintiff is not likely to prevail on his ADEA claim.[6]  Further, Plaintiff has not obtained a Notice-of-Right-to-Sue Letter from the EEOC with a determination regarding reasonable cause.  See Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1319-20 (9th Cir. 1981) (giving weight to the EEOC's determination regarding reasonable cause when assessing a request for appointment of counsel in Title VII case).  Therefore, the Court finds that this factor weighs against appointing counsel.

As to the second factor, the Court submits that Plaintiff's Complaint does not appear to present complex issues of law.  Plaintiff also appears capable of articulating the facts and legal issues in court and is therefore seemingly able to proceed *pro se*.  Moreover, Plaintiff should note that in most cases, the Court cannot expend public resources to provide plaintiffs with counsel.  See McCue v. Food Pantry, Ltd., Civ. No. 08-00129 ACK-KSC, 2008 WL 852018, at *3 (D. Haw. Mar. 28,

---

[6]  Plaintiff asserts that he did not receive his first training regarding the EEOC complaint process until May 13, 2005, which was approximately 70 days after the alleged discriminatory conduct, so the "45 day deadline" should not apply to him. See Complaint ¶ 4.  The Court notes, however, that Plaintiff did not file charges with the EEOC until March 1, 2011 - nearly six years after Plaintiff received EEOC training - and Plaintiff did not file his Complaint herein until February 6, 2012 - almost seven years later.  Plaintiff does not provide any justification for this delay.

11

2008). As a result, the Court finds that this factor also weighs against appointing counsel. Accordingly, after considering both factors, the Court recommends that Plaintiff's request for appointment of counsel be denied.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY ORDERS that the Clerk's Office reassign the instant case to a District Judge and FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, filed on February 6, 2012, be DENIED. The Court further FINDS AND RECOMMENDS that Plaintiff's Title VII claim be DISMISSED WITH PREJUDICE. Finally, the Court FINDS AND RECOMMENDS that Plaintiff's Request for Appointment of Counsel, also filed on February 6, 2012, be DENIED.

If Plaintiff wishes to proceed with this action, he must remit the appropriate filing fee within thirty (30) days from the date this Order and Findings and Recommendation is acted upon. Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

///
///
///
///

DATED AT HONOLULU, HAWAII, FEBRUARY 10, 2012.



_____
Richard L. Puglisi
United States Magistrate Judge

LAGAPA V. MABUS; CIVIL NO. 12-00074 RLP-NONE; ORDER REASSIGNING CASE AND FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED; (2) PLAINTIFF'S TITLE VII CLAIM BE DISMISSED WITH PREJUDICE; and (3) PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED