IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ESMIRAGDO LAGAPA JR., ) | CIVIL NO. 12-00074 ACK-RLP |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION |
| ) | THAT PLAINTIFF'S SECOND |
| vs. ) | APPLICATION TO PROCEED WITHOUT |
| ) | PREPAYMENT OF FEES BE DENIED |
| ) | |
| RAYMOND MABUS SECRETARY OF ) | |
| THE NAVY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S SECOND APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED[1]

On February 6, 2012, *pro se* Plaintiff Esmiragdo Lagapa Jr. ("Plaintiff") filed an Employment Discrimination Complaint ("Complaint") herein. See ECF No. 1. Plaintiff's Complaint alleges that Defendant Raymond Mabus Secretary of the Navy ("Defendant") discriminated against him by failing to promote him on the basis of his age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

On the same date, Plaintiff also filed an Application to Proceed Without Prepayment of Fees or Costs ("First IFP") and

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Request for Appointment of Counsel.  See ECF Nos. 2, 3.  On February 10, 2012, the undersigned Magistrate Judge issued an Order Reassigning Case and Findings and Recommendation that (1) Plaintiff's Application to Proceed Without Prepayment of Fees Be Denied; (2) Plaintiff's Title VII Claim Be Dismissed With Prejudice; and (3) Plaintiff's Request for Appointment of Counsel Be Denied.  See ECF No. 7.

On March 9, 2012, the District Judge issued an Order Adopting Magistrate's Findings and Recommendations as Modified. See ECF No. 9.  The Court dismissed Plaintiff's Title VII claim with prejudice.  Otherwise, the Court instructed,

> Plaintiff's complaint is dismissed without prejudice subject to Plaintiff filing a complaint asserting a cause of action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., within 30 days.  Plaintiff may file another application to proceed without prepayment of fees.  If Plaintiff does not file a new complaint within thirty days, the case will be dismissed.

Id. at 1.

On March 12, 2012, Plaintiff filed another Application to Proceed Without Prepayment of Fees or Costs ("Second IFP"). See ECF No. 10.  The next day, Plaintiff also filed what appears to be a letter to the Court.  See ECF No. 11.  The letter, addressed "[t]o whom it may concern," states,

> I never [sic] response to your last letter because one lawyer look at it and said look Mr. Lagapa you lose according to this letter. So put this behind you and enjoy your [sic] retierment.  I have been retired since 2-29-

> 12. I going tell you what happened as best I remember. The day I was told that I never [sic] recive the promotion I went to tell my supervisor how come I never get the promotion. I get more [sic] senyority, experiance and I'm a five point vet. They sent someone to talk to me from OPM. The guy told me that OPM did away with the five points. What gives you the [sic] rigth to do away with something that I earned in Vietnam. I don't understand. They are not Congress. Anyway I was so pissed off. I never put in for any more promotions. Like anything that's bad in life you just block it out and move on. And at no time did my supervisor tell me about EEO. You know this is the best job I ever had.

Id. Attached to the letter is Plaintiff's original Complaint.

The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of Plaintiff's Second IFP, letter, and the record herein, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Second IFP be DENIED.

## LEGAL STANDARD

Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP"). Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1) of the Prisoner Litigation Reform Act ("PLRA"). "[A]n affidavit is sufficient which states that one cannot because of his poverty

pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

Since Plaintiff is appearing *pro se*, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). Despite the liberal *pro se* pleading standard, however, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

ANALYSIS

A.  **Plaintiff's IFP Application Should Be Denied**

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold. The Department of Health and Human Services ("HHS") 2012 Poverty Guidelines indicate that the poverty threshold for a two-person family in Hawaii is $12,860.00.[2] 2012 HHS Poverty Guidelines, 77 Fed. Reg. 4034-35 (Jan. 26, 2012). Plaintiff has submitted a declaration stating that he received $56,000.00 salary from his business, profession, or other self-employment in the last twelve months. Plaintiff further states that he has $2,000.00 in a checking account and owns a 2004 Nissan Xterra worth approximately $5,000.00. This income and assets far exceeds the poverty threshold in Hawaii. Therefore, the Court finds that Plaintiff has failed to demonstrate that he is unable to pay court costs at this time and does not qualify for IFP status under 28 U.S.C. § 1915(a)(1).

B.  **Plaintiff Should Be Given Leave to Amend His Complaint**

---

[2] In his First IFP, Plaintiff indicated that his daughter is dependent upon him for $400.00 of monthly financial support; however, in his Second IFP, Plaintiff did not indicate that anyone was dependent upon him for support. Nevertheless, even if Plaintiff's daughter was still dependent upon him for support, this would not change the Court's conclusion, as Plaintiff's yearly income still far exceeds the poverty threshold for a two-person family in Hawaii of $17,410.00. See 2012 HHS Poverty Guidelines, 77 Fed. Reg. 4034-35 (Jan. 26, 2012).

The Court recognizes that leave to amend a complaint should be freely given to *pro se* litigants. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." ). See also Lopez, 203 F.3d at 1130 (stating that the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Therefore, although the Court recommends that Plaintiff's Second IFP be denied, the Court further recommends that Plaintiff be granted leave to submit a first amended complaint that properly asserts a cause of action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA"), within thirty (30) days from the date this Findings and Recommendation is acted upon.

Plaintiff's letter and attachment of his original Title VII Complaint are not sufficient to state a claim under the ADEA. If Plaintiff chooses to file a first amended complaint, Plaintiff must write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated (here, at the very least specifying the ADEA); (2) the name of the defendant who violated that right; (3)

exactly what the defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) whether the basis for this court's jurisdiction is either federal question or diversity.  See Ketchmark v. United States, Civil No. 09-00540 JMS/BMK, 2009 WL 4797475, at *6 (D. Haw. Dec. 11, 2009) (citing Rizzo v. Goode, 423 U.S. 362, 371-72 (1976)).  Plaintiff must repeat this process for each person or entity that he names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff is further notified that an amended complaint supersedes the original Complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the court will treat the original Complaint as nonexistent.  Id.  As a result, any defendant not named in an amended complaint is no longer a defendant.  Id.  Further, any cause of action that was raised in the original Complaint is waived if it is not raised in an amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, filed on March 12, 2012, be DENIED.  If Plaintiff wishes to proceed with this action, he must file a first amended complaint asserting a cause of action under the ADEA, along with the appropriate filing fee, within thirty (30) days from the date this Order and Findings and Recommendation is acted upon.  Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 10, 2012.

_____
Richard L. Puglisi
United States Magistrate Judge

LAGAPA V. MABUS; CIVIL NO. 12-00074 ACK-RLP; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED